FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIN ZHANG, | No. 13-70236 |
| Petitioner, | Agency No. A200-755-530 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Bin Zhang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083-84 (9th Cir. 2011). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Zhang applied for asylum within a reasonable period after the end of his employment in Guam in November, 2009, or that he otherwise established extraordinary circumstances excusing his untimely filing. *See Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008). Further, we lack jurisdiction to consider the contentions regarding extraordinary circumstances that Zhang raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over issues or claims not presented in administrative proceedings below). Thus, we deny the petition as to Zhang's asylum claim.

As to withholding of removal, the BIA affirmed the IJ's conclusion that Zhang was not credible because there were inconsistencies between his testimony, asylum application, and documentary evidence, and his testimony was evasive and not detailed. Substantial evidence does not support the adverse credibility determination because it was based on findings not supported by the record and mischaracterizations of the record. *See Ren*, 648 F.3d at 1089 (adverse credibility

13-70236

finding not supported under the 'totality of circumstances'). Thus, we remand Zhang's withholding of removal claim to the agency, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

Zhang's unopposed motion for a stay of removal is granted.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**